UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO. 2:11-CR-63 |
| | ) | |
| DUSTIN TURNER, *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**

Defendant Joshua Roberts is charged in a Superseding Indictment (with five co-defendants) with conspiracy to possess with the intent to distribute twenty-eight grams or more of cocaine base ("crack"). He has filed a motion "to suppress evidence of motel room keys, and any evidence derived from questioning of this defendant." (Doc. 92). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. An evidentiary hearing was held on September 19, 2013.

On June 24, 2011, the Johnson City Police Department received complaints from the management and some guests of the Motel 6 in Johnson City, Tennessee, that the occupants of Room 231 in the motel were smoking marijuana. Three officers responded to that complaint and knocked on the door to Room 231. That knock was answered, and the officers entered. It should be noted at the outset that there is no allegation by any defendant that the officers illegally entered the room.

There were four people in the room, two males and two females. One of the males

was the defendant Joshua Roberts.

The odor of burning marijuana was rather powerful inside the room. All the occupants were detained, with the two males being handcuffed for officer safety.

Officer Garrison conducted a pat-down search of the defendant Roberts, removing cigarette lighters and metal keys from Roberts' front pockets. In the course of the pat-down search, Officer Garrison asked defendant his name. Defendant Roberts responded, "Joshua Roberts, my ID is in my back pocket." At that point, Officer Garrison turned his attention to one of the females, Ms. Woods, regarding her identification. After he finished with her, he returned his attention to the defendant Roberts and again asked if he had any identification. At that point, Mr. Roberts stood up and turned his right hip toward Officer Garrison, clearly indicating that Garrison should reach into his hip pocket to retrieve the identification.

Officer Garrison reached into defendant's right rear pocket as defendant indicated he should. He pulled a wallet out, and two plastic hotel key cards, which were in the pocket along with the wallet. It is emphasized that the plastic cards were not in defendant's wallet, but were sandwiched up against it. Garrison only followed defendant's tacit instructions to remove his identification from his pocket. Insofar as Garrison could tell at that point, the cards could have been the identification.

Officer Garrison immediately recognized the key cards for what they were. Garrison asked the defendant what the keys were for, to which the defendant responded, "for this room." Garrison then *Mirandized* defendant Roberts.

The United States concedes that it will not present any evidence regarding Garrison's question to defendant about the key cards, or defendant's answer to him. Thus, the only issue is the admissibility of the cards themselves.

Defendants argues that the cards were discovered during an illegal search, *viz*., that an officer-safety frisk is for officer safety only, and these cards obviously were not a weapon.

The problem with defendant's argument is that the cards were not discovered as the result of any kind of search, including a pat-down search. They were retrieved only because defendant himself tacitly invited Officer Garrison to reach into his back pocket to retrieve defendant's identification. In the course of so doing, the key cards were removed and seen.

Defendant's counsel then attempts to draw an analogy with allowing a police officer to retrieve his identification from his brief case. That permission would not extend to the officer reading papers within that briefcase. That analogy, however, is faulty since the officer immediately recognized the plastic cards to be magnetic hotel room keys. A better analogy would be if the officer was given permission to retrieve permission from counsel's briefcase and, after opening the brief case, he saw an illegal weapon inside it.

The United States argues that the officers had probable cause to arrest defendant since it was apparent that the occupants were smoking marijuana. The problem with that argument is that the officers went to some lengths to tell the occupants of the room that they were not then under arrest, but were only being detained until the officers could sort everything out. That rather odd situation need not be discussed here. The fact remains that the discovery of

3

the hotel key cards was completely inadvertent due to the defendant's voluntary invitation to the officers to reach into his back pocket for his identification.

It is respectfully recommended that defendant's motion to suppress evidence, (Doc. 92) be denied.[1]

Respectfully submitted,

        s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).

4